**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **VANHTY RATTANAVONG,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **v.** | § | |
| | § | |
| **TODD BLANCHE,** *in his official capacity as Attorney General of the United States*; | § | |
| **MARKWAYNE MULLIN,** *in his official capacity as Secretary of the Department of Homeland Security*; | § | |
| **DAVID J. VENTURELLA,** *in his official capacity as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*; | § | **EP-26-CV-01050-DCG** |
| **JOEL GARCIA,** *in his official capacity as Field Office Director of the El Paso Field Office, United States Immigration and Customs Enforcement*; **and** | § | |
| **OSCAR UGARTE,** *in his official capacity as Sheriff of El Paso County*, | § | |
| | § | |
| ***Respondents*.** | § | |

**ORDER FOR STATUS UPDATE**

On May 7, 2026, Petitioner Vanhty Rattanavong's counsel filed a Status Update reporting that the Government was in the process of transporting Petitioner from Alaska to Laos, with a layover in Guam.[1] If the Government has in fact removed Petitioner to Laos, then the above-captioned case is probably moot.[2] However, neither side's counsel subsequently submitted a

[1] Pet'r's Status Update, ECF No. 7, at 2.

[2] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim for relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020).

follow-up filing confirming whether or when Petitioner ultimately arrived in Laos[3]—and, if so, whether Petitioner's removal renders this case moot.

The Court therefore **ORDERS** Petitioner's counsel and Respondents' counsel to **CONFER** and **FILE** a document by **September 17, 2026** informing the Court:

(1) whether the Government successfully removed Petitioner to Laos; and, if so,

(2) each side's respective position on whether the Court should dismiss this case as moot.

The Clerk of Court **SHALL**:

(1) **REMOVE** the word "Acting" from Respondent Todd Blanche's title on the Court's CM/ECF system; and

(2) **SUBSTITUTE** David J. Venturella, Senior Official Performing the Duties of the Director of ICE, in Former Acting Director Todd M. Lyons's place as a named Respondent in this case.[4]

**So ORDERED and SIGNED this 2nd day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[3] *See* Pet'r's Status Update at 2 (stating that Petitioner's flight was "*scheduled* to arrive in Guam in the late morning on May 8, 2026"—the day *after* Petitioner filed his May 7, 2026 Status Update (emphasis added)).

[4] *Compare* Pet., ECF No. 1, at 1 (indicating that Petitioner was suing Respondent Lyons "in his official capacity"), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").